The Illinois Appellate Court, third division, is now in session with the Honorable Justice Jesse G. Graves. His recital. Good morning ladies and gentlemen. Good morning ladies and gentlemen. Everybody have a seat please. People v. Blackmon. Counselors are going to argue this matter. Step forward please. Approach the podium. Please state your names for the record and what party you are representing. John Burfell with the Office of the State Appellate Defender. I represent Marcus Blackmon. Okay. My name is Margaret Smith, Assistant State Attorney representing the people. Alright, so 15 minutes apiece. Time for rebuttal. How much time? Five minutes. Five minutes? Okay. Alright. We're ready to proceed then? Yes, sir. Before we proceed, I have just a couple preliminary questions. Mr. Blackmon, is he done serving his 18 months of probation? He is, Your Honor. Okay, so is he out among us in society or is he still incarcerated? As far as I know he is out among us in society, Your Honor. Okay. Alright. And then with regards to the relief that you're seeking here, is what? Remand for new 605C admonishments, Your Honor. Okay, but he's out. Why would we be sending this case back for a remand to have him tried for something he's already served? Isn't that kind of... Well, it's still a conviction on his record, Your Honor. And if he wishes to withdraw his plea, he may want to try the case so that he can clear his name entirely. Alright, but there's the other alternative, right? Whatever the plea was, agreement before, the state might decide to take it off the table, right? Correct, Your Honor. There are potential downsides, but that is also a question that he can consider with the assistance of counsel if this case is remanded. Okay. And then one other preliminary question is, I noticed on the notice of appeal that one of the things Mr. Blackmon was stating was that the admonishments didn't address his mental health issues. Is that still something you're going to raise during this oral argument? Not during this oral argument, Your Honor. I think the issues are very defined. I think the only issue this Court can consider is the 605C admonishments. I think the problem with failing to file a post-plea motion is that absent a deficiency in the 605C admonishments, I don't think that any other issues can be argued or considered. Okay, alright. Let me proceed. Thank you, Your Honor, and may it please the Court, counsel. Again, my name is John Buffel. I represent Marcus Blackmon. As we just discussed, Mr. Blackmon pled guilty to two misdemeanor counts of violating an order of protection, and he was placed on probation. He did not file a post-plea motion to withdraw his guilty plea. I'll get it. There's only one. Tess. Tess, no. He asked us to test. Okay. Alright. Sorry about that. It's not a problem, Your Honor. Mr. Blackmon did not file a post-plea motion to withdraw his guilty plea. Instead, he filed a notice of appeal. Normally, this Court would dismiss an appeal under such circumstances unless, of course, there is an exception, and there is the 605 exception, whereas if the defendant is not provided with admonishments in substantial compliance with 605C, the matter can be remanded for new admonishments to be provided to the defendant, and that's precisely what happened here. Is this case similar to People v. Dominguez? And our Supreme Court, I think, already opined with regards to admonishments. Alright. It's a different way. How do we distinguish Dominguez? Thank you, Your Honor. Dominguez is, I think, only useful in the sense that it set the standard at substantial compliance, which I'll note is also what standard was used in Lloyd, which was decided before Dominguez. But Dominguez is very distinguishable in a factual matter, in fact, in two factual ways. First, in Dominguez, there was a written set of admonishments that were verbatim with 605C and provided to the defendant. Here, there was no written admonishment, and the Court in Dominguez was very clear that it was not just the oral admonishments, but the oral admonishments supplemented by the written admonishment that allowed the Court to find there was substantial compliance with 605. Here, the Court does say that it was written admonishment. You could take it or leave it, that it really was just supplemental, really what needed to be addressed was whether the verbal admonishments were understood by the defendant when he pled guilty and was entered into the plea agreement. Well, I think the direct quote that I would take from Dominguez is, and I quote, we conclude that, taken as a whole, the oral and written admonishments substantially advised the defendant of the requirements of 605C, and that's paragraph 54. I think what the Court is saying is, in that case, the oral admonishments may not have been sufficient, but in that case, there were these written admonishments. And in future cases, the oral admonishments have to substantially comply. But if there is a deficiency where they might not substantially comply, but there's also this written admonishment, that written admonishment can then supplement, which is what occurred in Dominguez, but that's only one distinguishing factor. Well, let me get back to the facts on Dominguez. So he needed an interpreter, right? So you had written admonishments, and then you had the verbal admonishments. And the Court's verbally admonishing them with regards to his rights. But in Dominguez, there's really no detailed information if the interpreter interprets the facts. Test. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10. Test. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10. Well, we know they can communicate. He's looking back. The executive said that we don't need a public justice. This is only a test. Maybe in the next amendment, too. If you further search, we have a public justice. Okay. So now that we know that we're all safe and secure, we may proceed. Your Honor is asking a question about the interpretation. There's nothing in the facts in Dominguez that indicates that he was explained by the interpreter, because he needed a Spanish interpreter, what the written admonishments were. So how do we know how effective the written admonishments were in Dominguez? There was a colloquy between the defendant and the Court. My recollection of Dominguez is that there was a colloquy specifically on that. The Court asked the defendant, have you seen these? Do you understand this as your signature on this written form? And the defendant said yes through an interpreter. And in addition to that, there were these oral admonishments, which were, quite frankly, better than the admonishments that we have in this case, which is the second distinguishing characteristic from Dominguez. Not only were there written admonishments in that case which were verbatim with 605C, but the Court provided a much more ambiguous admonishment with regards to counsel. In Dominguez, the Court went through the defendant's process for challenging the guilty plea, starting with the post plea motion, moving on through the appeal. And then at the conclusion of that, the Court said that we will provide you with counsel and a copy of the transcripts if you're indigent. That's not what we have here. We don't have a more ambiguous statement with respects to whether counsel and the transcripts would be provided to the defendant. Instead, what we have are the admonishments which are very similar to the admonishments provided in Zavala and Murphy where the right to counsel and transcripts were tied to an appeal, specifically an appeal process or an actual appeal. And as we know, an appeal doesn't begin until somebody files a notice of appeal. So whereas in Dominguez, one could arguably say the defendant knew counsel was available and transcripts were available full stop. Here, we have the Court. Your specific wording in Dominguez says if you wish to do so and could not afford an attorney, we will give you an attorney free of charge along with the transcripts necessary for those purposes. And those purposes is referencing the motions as well as the notice of appeal. Is that correct? I would agree with that, Your Honor. Whereas in your case here, the attorney, the defendant was admonished about having an attorney for the appeals process, the appeals process, not for those purposes encompassing the motion and the appeal. That's absolutely correct, Your Honor. The quote, which is on sub R10, is if you are indigent and cannot afford an attorney or transcripts, both will be provided to you at no cost to help with the appeal process. And that distinguishes, as Your Honor noted, this case quite a lot from Dominguez. And a motion, having a lawyer for a motion, does not necessarily result in an appeals process. Is that correct? Correct. In fact, there are a number of the decision tree branches out quite a bit after the defendant enters the guilty plea. The defendant may wish to speak to an attorney, but not file a motion to withdraw the guilty plea. The defendant may wish to speak to an attorney and file a motion to withdraw the guilty plea and succeed, or file a motion to withdraw the guilty plea and fail, but choose not to go proceed on appeal. Or to limit trial if that motion is granted. Correct. Or to limit trial and never get to an appeals process at all. Is that correct? That's exactly right, Your Honor. And that's exactly why in Zavala and in Murphy, the matter was remanded for new 605C admonishments. In Zavala, the specific admonishment was, we will provide you an attorney to help exercise your right to an appeal. So again, it's tying the right to counsel to an appeal. In Murphy, the specific admonishment was, if the motion is denied, counsel would be appointed to assist you with the appeals process. In fact, the exact same words that were used in this case. So we're talking about a lot of different words, basically utilized by the trial courts, right? But the point is, is the gist or the essence, as the Supreme Court has said, communicated to the defendant. And are you saying that the essence of the rules were not communicated to Mr. McLaughlin? Yes, Your Honor. Where? So the court in this case told the defendant, for example, that if he filed for appeal, he would get an attorney. But it never told him that if he filed a post plea motion, he would get an attorney. So he filed the document that got him an attorney. I think it's really important. I think drawing the distinction between Dominguez, Zavala, and Murphy, whereas Zavala and Murphy are on one side and Dominguez is on the other, I think it's really important to convey to the defendant that the essence of the rule provides him or her counsel for filing the post plea motion, not just proceeding on appeal. And in Zavala, this Court even wrote, Mr. Zavala's right and obligation to appeal is separate and distinct from his right and obligation to file a post plea motion. The admonishment that counsel would be appointed to aid Mr. Zavala on appeal did not necessarily mean to him that counsel could help file an appropriate post plea motion in the trial court. And that's paragraphs 13. That's exactly what it was. Wasn't he notified about his right to an appeal by this trial court? Was he also notified that he had the right to withdraw his plea of guilty? Are we talking about Mr. Zavala or Mr. Blackman? Mr. Blackman. Correct, Your Honor. So he didn't file a motion to withdraw his guilty plea. He filed a notice of appeal untimely, and this Court originally had indicated that, you know, they weren't going to entertain his request for an appeal because it wasn't timely. The Supreme Court said in a supervisory order. So it appears that Mr. Blackman was at least aware of the procedures that were needed for him to withdraw his guilty plea and then also to file a notice of appeal. So wasn't he communicating with the essence of what the rules had to say? No, Your Honor, for a multitude of reasons. First of all, his notice of appeal was filed 34 days after his plea and sentence were ordered. So he filed it only four days afterwards. It wasn't until more than six months had elapsed that OSAD realized that the notice of appeal was actually late, and by then it was beyond the six-month period for requesting a late notice of appeal, and that's why I believe that the Supreme Court stepped in and OSAD requested a supervisory order. But I'll note that in every single one of these other cases, Dominguez, Lloyd, Zavala, at least those three cases, the notice of appeals were also late, and that was not the basis for finding that the defendant had received the essence of the rule. And, in fact, in Zavala and Lloyd, their court found that the essence of the rule wasn't conveyed to the defendant. So the mere fact that the defendant filed slightly late in this case, I don't think establishes that this pro se defendant knew what the law was. And I'll note that this case is even – the admonishments in this case are even worse than the admonishments in Zavala and Murphy because the defendant wasn't told that a motion to withdraw the guilty plea had to state all of the grounds. The defendant wasn't told, and this is critical, that a failure to raise grounds would result in waiver for the purposes of an appeal or post-conviction proceedings. This defendant was also misadvised with respect to what would happen with dismissed charges. The Court said dismissed charges would be reinstated. That was factually confusing because there were no dismissed charges in this case, and it's legally wrong because the State actually has to ask for the charges to be reinstated. But, again, what's critical about this case is the defendant was never told that he could talk to counsel and look at the transcripts before even deciding whether to file a post-plea motion or proceeding directly on appeal. So, no, Your Honor, I would say that this case is not one where we can say the defendant received the essence of the rule. Even if the defendant had been advised that counsel would be available for post-plea proceedings, I think there would still be this open question with respect to whether the defendant understood how critical a post-plea motion was because he was never even told that issues would be waived if a post-plea motion was never filed. So there are four errors here. We do believe that the lack of admonishment regarding counsel is the most critical of the four, but all four individually and cumulatively require remand for new 604C and 605C admonishments. And then 605B, that subsection says the trial court shall advise the defendant substantially as follows. And then it's broken down to, like, six subsections. There's an interposition that the advice from the trial judge substantially as follows. Substantially as follows applies to each and every one of those subsections, where that just overall, 605B, it's enough to have compliance if all of the advice encompasses generally all six sections. I think that's, quite frankly, a question this Court doesn't need to reach because what we have are four discrete errors, but cumulatively they add up to a very substantial error here. And just the one alone with respect to counsel has been a basis for remand in at least Zavala and in Murphy. Now, in Dominguez, there was also an error with respect to the admonishment regarding dismissed charges, and the Supreme Court said a failure to state that the dismissed charges could only be reinstated if requested by the State as opposed to automatically is not enough to show substantial misadvisement. But the Court then goes on to very clearly state if it's misleading, that might be enough on its own. So if this Court wants to break down each discrete error, I would argue, yeah, each one of the errors that we've alleged in this case, I believe, are sufficient to warrant remand. So that would be the failure to advise that all of the issues have to be put in the motion, the failure to advise that missing issues would be waived forever, and the misleading information regarding the dismissed charges, those in addition to counsel. But we know from Zavala and Murphy that the misadmonishment regarding counsel alone is enough to require remand. And Zavala came out after Dominguez. What about Murphy? Both Murphy and Zavala are 2021, well after Dominguez, which is 2012. Any other questions? No. Okay. All right, thank you. Thank you, Your Honors. Please stand. Good morning. I'm Assistant State's Attorney Margaret Smith, representing the people of the State of Illinois. The admonishments the Court provided to defendant substantially complied with Supreme Court Rule 605C, thus defendant's appeal must be dismissed. Ms. Smith, do you agree that post-plea motions are different from an appeals process? I believe that they are a condition precedent to the filing of the notice of appeal. But you may never arrive at an appeal, depending on what occurs with post-plea motions, right? Well, correct, but in terms of the 605C admonishments, it's a, in people versus flowers, the Court discusses the fact that it's a condition precedent that the defendant must file a motion to withdraw the guilty plea before you would get to, because the Court has to deny that motion in order for the defendant to file the notice of appeal. So that condition precedent makes it even more important that people be properly admonished that they're entitled to an attorney, for example, for their post-plea motions, which may never lead to an appeal process, correct? Well, it's important that the Court substantially comply in terms of the admonishment. That's what people versus Dominguez says. And that did happen, including having an attorney for both, for the entire process, which is a two-step process as the Court admonished defendant in this instance. First, the Court said it indicated that the defendant must first file a written motion with the clerk of the circuit court within 30 days of that date, and then if that... I'm talking about this case? Yes. Okay. And... Well, we already know that he blew all the timelines, right? Right. He blew, he got one chance, not two chance, but three chances, even though he didn't comply with the rules. Right, and defendant here doesn't even challenge that defendant received the admonishment that he had 30 days to file a written motion to withdraw his guilty plea with the circuit court, and then if that motion, if that motion, so it's a two-part, was denied, then he had 30 days of that denial to file the written motion. But they're saying that, you know, you're arguing that he was substantially advised of his rights, right? Correct. But they're saying, number one, that he was never informed that appointed post-plea counsel would be available to him, and then also with regards to the transcripts, that he was never informed about the transcripts. So is that not lack of substantial compliance if you tell him that he's entitled to counsel and that he's also entitled to file or get transcripts? Sorry. Well, we would argue that's not what happened here, that the court did substantially comply. Okay, well, where exactly did the court do that? The court indicated if you're indigent and cannot afford an attorney. So after advising that he needed to file a notice, a motion to withdraw his guilty plea within 30 days, if that was denied, then he could add 30 days from the denial to file the notice of appeal. After that, the court said literally right after saying, if I deny your motion, you have 30 days from that denial to file the notice of appeal, the court then admonished him, if you are indigent and cannot afford an attorney or transcript, both will be provided to you at no cost to help with the appeal process. All right, but they're arguing that that's not substantial compliance. And we would argue that it is. Right. And then we're stuck with Dominguez that says, well, you don't have to read it word for word to them. Correct. As the dissent argued that actually the trial court should read it word for word, right? Correct. But Dominguez held that what was required was substantial compliance, and that was that the court should put defendant on notice that some action on his part was required within 30 days. And we have it here. We have it even clearer. It was you must file within 30 days of today's date with the clerk of the circuit court a motion to withdraw your guilty plea. That's clear. And they don't, the defense doesn't challenge that admonishment and the wording of that part of the admonishment. Do you agree that Dominguez is different than the case at hand with respect to the context in which the courts in Dominguez said the following, if you wish to do so, and could not afford an attorney, we will give you an attorney for your charge along with the transcripts necessary for those purposes. For those purposes comes in the context of the word motions is cited one, two, three, four, five times in the same paragraph where they say for those purposes. Don't you think that's a little different than what we have here? Well, I would say Dominguez is very different in the whole context of the defendant needing an interpreter as was already discussed. But, yes, it is a different context. But Dominguez said that you need to look at the admonishment taken as a whole to see whether the substance was conveyed and whether the defendant was put on notice of the substance. And we would argue Dominguez is different, but there was substantial compliance in this case. And one thing I would like to note, since the court did raise defendant's pro se notice of appeal, in the notice of appeal on C-50 of the record, where he was indicating the relief he sought, he did put down, as the court already noted, that he felt the trial court did not consider his mental health. He also indicated that he... They don't want us to consider that. Well, I'm saying that the defendant let us know what he thought his grounds of appeal was. When he filed, obviously, it's a late notice of appeal, but it shows, I would argue, and as the court already indicated, that he knew that he needed to do something. And the record is clear and they don't challenge that the court admonished him first that he had to take the step of within 30 days of that date to file the written motion to withdraw his guilty plea with the clerk of the circuit court, told them where to go, what to call it in the time frame, and then if that was denied, then you go and you file a notice of appeal. Defendant was told that that's not challenged here. Defendant, albeit late, skipped the first step, went to the second step, which the first step is a condition precedent for the second step, but told us his grounds, and his grounds where he didn't think the trial court considered his mental health. And the second grounds was ineffective assistance at counsel. There was nothing there about being confused by what the court said, not understanding it, any of the things that we would argue that the defense has argued in their or counsel has argued in their brief on this court. Doesn't the transcript reflect Mr. Blackman asked after the plea had gone through, what does he mean, I got to come to court? And then he also said, he's trying to trip me up, looking like it's referencing the judge. Doesn't that show a little confusion? I guess like just this walker talked about context. So to your just average normal defendant who's standing in court taking a guilty plea, it's not like that court separate than the appellate court, even to him. Well, so the stuff that happens here is one thing, and the plea is done, and wouldn't like a regular defendant just think, okay, I'm done in this court, the only reprieve I have is in the appellate court, so I got to go to some different judge, different court. Well, so if he's not told, no, the motion has to be filed here before me. Well, I think trial court, you can make a similar argument about every process of every case that a defendant doesn't necessarily understand the wording, that theory, or perhaps they think the day they're convicted they should also be sentenced, which isn't what happens. So to say that a defendant has to, you know, would have to clearly understand every step in the process and it would have to make sense to a defendant, I think, you know, we can all think of instances where that's not the situation. But here the court did inform him of the two-step process, the condition precedent, and then the second step, and defendant doesn't challenge that here. And in the notice of appeal, defendant didn't even indicate, as you're suggesting, that he was confused as to what court. He's indicated that he thought the trial court didn't indicate his mental health or didn't take it into proper consideration and that his counsel was ineffective. He didn't say anything about the court and the admonishments or being confused by which court, and he actually went, skipped the second step, albeit late. So I do understand what you're saying, and I could see what I'm saying here is that we have the defendant's own statement as to why he's appealing, and he doesn't suggest anything of the kind. I have a question that also hasn't come up, but I wanted to see, and counsel would probably get a chance to address this in a rebuttal. So we've got Dominguez, Illinois Supreme Court, and I know the defendants have been relying on Zavala, Lloyd, and Murphy. They're all appellate court cases. Yes. Well, the Supreme Court has told us what substantial compliance is, and we would argue that that's what happened here. The Zavala tells us, excuse me, Dominguez tells us the Supreme Court indicates substantial compliance is necessary, and we have that here, indicated that what is necessary is for the court to convey to the defendant and put them on notice that there's some action that's required within 30 days by a defendant. We have that here. Not only did the court say that, the defendant doesn't dispute that, but defendant skipped the first step, which is a condition precedent, and went to the second step, albeit late. And then the defendant had enough thought about the process to actually indicate why he was appealing. He didn't just file a notice of appeal with stuff blank. He decided to put in what he thought was wrong with the process, and he indicated he thought the court had mentioned nothing about the admonishments or being confused by what court. He specifically indicated, I did not receive the proper representation in my case. The court did not take my mental health into consideration. And I would note in referring to the fact that he did not receive the proper representation in my case, he doesn't mention admonishments. It sounds like he was just unhappy with counsel in general. And as we know, sometimes, regardless of what counsel does, they can do a fine job, and a defendant's not going to be happy, especially if it doesn't turn out as they'd like. So do we have a situation here where the defendant's just throwing stuff up against the wall and seeing what sticks? I don't think so. I think he was very clear. His mental health was brought up numerous times. We noted that in a footnote in our brief, where it didn't appear they were claiming that, and as counsel indicated, that's not what they're arguing here today. So I do think to the defendant, it probably was something he thought was a bigger, was a consideration. He could have put down as much as he wanted. He could have mentioned the admonishments or being confused by the process in general. He didn't even do that. He was much more specific. And in reference, saying counsel didn't indicate anything about the admonishments. So I think he – So why do you think admonishments exist, these rules of the court for admonishments? Don't you think it's to protect pro se defendants in criminal cases so that they know they can have a lawyer to help them do all these things? Well, yes. As the Supreme Court indicated in Dominguez, the court is to convey to the defendant and put them on notice that within 30 days they have to take a certain step. That's what the court indicated. That's an attorney to help them with those certain steps with respect to their post plea motions, right? Well, correct. In that part of the admonishments, yes, that is it. Dominguez said we would look at the admonishments taken as a whole in context. And in this case, we had the court indicate to the defendant that if he was indigent and could not afford an attorney, the transcripts. Where in Dominguez does it say we detect the admonishments as a whole? We delete that whole? I might be using a slightly different language, but I believe it was in – well, in particular, I believe when they were talking about the value of the written admonishments or how to consider the written admonishments in addition to the oral admonishments. If you could give me a moment, please. Justice Reyes just pointed out paragraph 19 to me. Okay. Dominguez. Under its plain and ordinary meaning, substantially in the rule does not require a strict verbatim reading of the rule so as to, quote, unquote, substantially advise defendants of its contents. Rather, the court must impart to a defendant largely that which is specified in the rule or the rule's essence as opposed to wholly what is specified in the rule. So what's the essence here? The essence is that the defendant had to take some action within 30 days and here we have more specificity where the court indicated the defendant within 30 days of today's date, you need to file a motion to withdraw your guilty plea with the clerk of the circuit court. And what about the issue about counsel? Well, the court indicated that counsel would be – if you were indigent, counsel would be provided to you at no cost with the appeal process, and that was immediately after the court indicated the second step of the two-step process, the condition precedent of filing the motion to withdraw the guilty plea within 30 days with the clerk of the circuit court. And then the second step was if that motion was denied, filing the notice of appeal. So the court referred to the process, it was a two-step process the court had laid out, and the defense doesn't challenge that defendant was so advised of those two steps in the process, the condition precedent, and then the second step, filing the notice of appeal. And as far as we know, there was no interruptions during the admonishments that were given to the defendant? There was, in fact, in the beginning, I believe, I think the court first got something out. Defense counsel wanted to indicate something about defendant's personal tragedy in defendant's life and about him relocating elsewhere. I believe that was in the beginning of the admonishments. However, we would state that even with that, the court substantially complied with the rule and put defendant on notice that he had. So was this admonishment process continued or did it proceed? No, the court proceeded and indicated to counsel, I need to continue with the admonishments first, please. And then after the court finished with the admonishments, counsel went on to advise the court of the personal circumstances and requests. I believe it was to live in a different state or reside in a different state for a while because of personal family tragedy. Any questions? All right, if you want to sum up? Well, certainly. In People v. Dominguez, the Supreme Court established that substantial compliance is necessary, that the defendant be put on notice. Here the court did that, indicated there was a two-step process, the condition precedent that the defendant was required to file a motion to withdraw a guilty plea with the clerk of the circuit court within 30 days. And if that motion was denied, that defendant needed to file a notice of appeal within 30 days. And for these reasons and those set forth in our brief, we respectfully request that this court dismiss the appeal. Okay. And I have a question with regards to your request. It's not clear, but it appears that the defendant received 18 months probation. And if my math is correct, he's already served 18 months. Correct. I would say he would not need admonishments since he is already released. Okay. Although if his motion was granted and the case was set for trial and he was found not guilty, then his record would be wiped of any conviction, right? That is also correct. Well, these are these charges. Pardon me? Yes, correct. These are these charges. Correct. Thank you. Thank you, Your Honors. Just to address this court's question with respect to a break in the admonishments, there were no breaks in the actual admonishments themselves. After the court imposed probation, counsel stood up and said, is there any way that this probation could be transferred to North Carolina because his sister has passed away? And the court says, I want to stop. I want to give him a break. I do want to address the discussion about the notice of appeal because I think it's important for two reasons. One, I'm a little bit confused by the State's argument that the notice of appeal doesn't suggest any confusion. The defendant says that he has mental health deficiencies in this case,   that the notice of appeal doesn't suggest any confusion.   The State's argument in this case, in the record, it came up at other points in the record, I think that it suggests that this might not even be the normal, average defendant, that this defendant may be working at it even more of a disadvantage than other defendants who've received these admonishments. And that's why it's so important to tell defendants that they have the right to counsel because it's already hard enough for a pro se defendant to proceed. It's even harder for a pro se defendant to proceed when that defendant has mental health challenges. But I also want to emphasize that these are prejudice arguments and that the standard here is objective. What we should be looking at is not the defendant, whether it's an average defendant or a sophisticated defendant or some kind of defendant working with deficiencies. What we should be looking at are the admonishments. And here we have admonishments from the courts that do not substantially comply. And so it's really irrelevant what the defendant put into the notice of appeal. What's relevant is what the court said. Because I don't want to go off on a tangent here, but isn't the objective of a notice of appeal is to put the other side, whoever the appellee is, on notice as to what the issues are? And here he says that he did not receive proper representation in the case. And then it mentions about the fact that, you know, his mental health issue wasn't taken into consideration. Basically, I'm just summarizing basically what's in there. So in him putting that in there, he's telling the state, this is my issue with what happened at the trial court. The state doesn't mention anything about admonishments. He says, my attorney was not effective. And also, you know, as a result of it, the court didn't take my mental health issue into consideration. I don't think that one is conditioned on the other. I think he was saying I have mental health challenges and my attorney was ineffective, and I don't think he's linking the two. But more importantly, the state's not the first to file a brief, the defense, the appellate is, right? And no notice of appeal in a criminal case, the pretrial fairness act notice of appeals are different. But in a typical criminal case, when a defendant files a notice of appeal, nothing in that notice of appeal states the issues. It just states the order being appealed from. So there's nothing that required him to ever put any issues, which I think further shows that he didn't fully understand what the law required in the first place. But, again, that's besides the point, because that suggests that prejudice comes into effect here. Now, no, a good example of this is the fact that, you know, what he wanted to do and what he didn't want to do. I mean, it's conjecture in terms of he doesn't say anything at all about admonishments. He doesn't use the word admonishment. There's nowhere in this notice of appeal that the word admonishment appears. It's just his attorney's not effective and his mental health condition. Did he have to say anything in the notice of appeal? No, Your Honor. The notice of appeal did not have to indicate any issues at all. It simply had to indicate the order being appealed from. And in this particular case, the question isn't what he wanted to raise in an appeal or even in a post-plea petition or post-plea motion. The issue is did the court objectively advise him in substantial compliance with 605C? And that's a De Novo review. Correct, Your Honor. It's De Novo. And I would just like to point, as a parting note, Murphy is a pretty good example of why prejudice doesn't matter. And Murphy, the defendant, had no confusion with what was required. The defendant filed a post-plea motion to withdraw the guilty plea. That post-plea motion was late, and therefore the trial court didn't have jurisdiction to consider it. But the defendant did, in fact, file that post-plea motion. And it goes even farther. The defendant was appointed counsel. Counsel filed an amended post-plea motion. Hearings were held. The motion was denied on the merits. And then it went up on appeal. And the appellate court still said, doesn't matter about all of the stuff that happened in the trial court because, objectively, the admonishments were incorrect and didn't substantially comply. So it sent it back for substantial compliance. So there is no case that I know of that says prejudice is required. The State has cited no case to suggest that prejudice has any place in this analysis. So we would ask this court to look at the post-plea admonishments objectively, regardless of what was said in the notice of appeal, and find that they did not substantially comply with Rule 605C and remand the matter for new post-plea admonishments. Thank you. Thank you, Your Honors. I want to thank counsels for a well-argued matter and an interesting issue. This court will take this matter under advisement. And the court is adjourned.